IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10311
Conference Calendar
_____

LEROY ADAMS, JR.,

                                        Plaintiff-Appellant,

versus

FRANKLIN, Captain, and
PATRON, Mr.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:94-CV-172
- - - - - - - - - -
August 24, 1995
Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Citing to <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-66 (1974)
and TDCJ-ID rules, Leroy Adams, Jr., argues that the district
court's dismissal of his suit as frivolous was inappropriate
because the notice of the charge of attempted escape was not
adequate to allow him to prepare a defense.  An <u>in forma pauperis</u>
plaintiff's claim that has no arguable basis in law or fact may
be dismissed as frivolous. 28 U.S.C. § 1915(d); <u>Eason v. Thaler</u>,

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

14 F.3d 8, 9 (5th Cir. 1994).  Review is for abuse of discretion. Eason, 14 F.3d at 9.

In Wolff, the Supreme Court held, inter alia, "that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense."  Wolff, 418 U.S. at 564.

Adams was informed that the charge was attempted escape and that the charge arose from the incident on May 10, 1994, at 12:40 p.m. on the Panhandle Farm.  Adams admitted that he knew what offense he was being charged with at the disciplinary proceeding. The notice provided Adams all of the information that he needed to prepare a defense.  The dual purposes that the Supreme Court intended the notice to accomplish were accomplished.  The notice, therefore, discharged the prison officials' obligation to inform Adams of the charges.

Adams raised the issue of the violation of TDCJ-ID rules in the court below.  When the state places substantive limitations on official discretion, it creates a protected liberty interest, the deprivation of which runs afoul of the Due Process Clause. Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir. 1995).  However, "where a liberty or property interest is infringed, the process which is due under the United States Constitution is that measured by the due process clause, not that called for by state regulations."  Id.  Thus, we need not decide whether Adams had a protected liberty interests in a more detailed notice of the charges, because that doctrine does not give to Adams the right

to any procedure greater than that which <u>Wolff</u> requires. The notice met the <u>Wolff</u> requirements. The dismissal is AFFIRMED.